UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| RICHARD WEST and JOSEPH BRUYETTE, individually and on behalf of a class of similarly situated persons<br>*Plaintiffs*,<br><br>v.<br><br>AL GOBIELLE, Vermont Secretary of Human Services, MARTHA MAKSYM, Vermont Deputy Secretary of Human Services, MICHAEL TOUCHETTE, Vermont Department of Corrections Commissioner, BENJAMIN WATTS, Vermont Department of Corrections Health Services Director, in their official capacities, and CENTURION OF VERMONT, LLC,<br>*Defendants*. | Civil Action No. 2:19-cv-81<br><br>**DEFENDANTS' JOINT MOTION TO STAY** |

NOW COME Defendants, and all of them, who move to stay all proceedings, including the time for each Defendant to file an Answer or other responsive pleading, pursuant to F.R.Civ.Proc. 6(b) (1) (A) and F.R.Civ.Proc. 23(f) pending appeal of class certification.

Rule 23(f) allows for an appeal from a decision to certify a class action but also states, "An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *Id.* "A stay should be sought first from the trial court." Advisory Committee Notes on Rules—1998 Amendment.

Regarding a stay of the time for Answers or responsive pleadings by the Defendants, F.R.Civ.Proc. 12(a) (4) (A) states that the time for filing an Answer or responsive pleading is 14 days after the Court rules on a Motion to Dismiss. This deadline is Monday, April 13, 2020, "unless the court sets a different time… ." The Court is empowered to set a different

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

time by Rule 6(b) (1) states in part, "… the court may, for good cause, extend the time … with or without motion or notice if … a request is made, before the original time or its extension expires."

Good cause exists for Defendants' request for a stay. A stay will: (i) allow the Circuit Court to decide a case of first impression, that is, Federal Court intervention in the provision of medical care to a small, constantly changing subset of Vermont prison and pretrial inmates; (ii) conserve judicial resources by deferring judicial action in the District Court pending review by the Circuit Court; and (iii) allow the adjustment or reconsideration of the form and scope of the class after appellate review, if the District Court is not reversed.

A motion to stay is addressed to the discretion of the Court. It is typically said that a Court should engage in the same analysis when deciding whether to grant a stay under Rule 23(f) as when court considers granting preliminary injunctions and stays of administrative decisions. *Blair v. Equifax Check Servs.*, 181 F.3d 832, 835 (7th Cir. 1999). *See also, Sumitomo Copper Litigation v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 140 (2nd Cir. 2001). If so, this Court has recognized, injunctive relief requires the proponent to succeed in demonstrating by proof in the record "(1) a showing of irreparable harm if the injunction is not granted and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." *Friends of the Earth v. U.S. Forest Service,* 95 F.Supp.2d 206, 207–08 (D.Vt., 2000)(internal quotes omitted), *citing National Association for Advancement of Colored People, Inc. (NAACP) v. Town of East Haven,* 70 F.3d 219, 223 (2d Cir.1995).

The Circuit Court has modified this approach to a request for stay of a class action in some respects with considerations that overlap with the reasons for allowance of an appeal to

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

begin with. Although the Court has discretion to stay the proceedings during a Rule 23(f) appeal of class certification, "a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay." *Sumitomo* 262 F.3d at 140. An approach that gives decisive weight to a pre-appeal assessment of the likelihood of error has not been without its critics. *See, e.g. In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 147 (2nd Cir. 2001, Jacobs, Circuit Judge, dissenting) (contrasting the Circuit Court's *Sumitomo* approach with that counseled in Advisory Committee notes that state, "Permission to appeal ... is most likely to be granted when the certification decision turns on a novel or unsettled question of law, or when, as a practical matter, the decision on certification is likely dispositive of the litigation."

Given that the reasons for staying the class action are so closely related to the reasons for the appeal of the Court's certification of the class, it serves no purpose to repeat those arguments and the supporting record here. Defendants adopt the reasons for the appeal stated in their petition to the Circuit Court, which will be filed in the Circuit Court on Monday, April 13, 2020, and will be submitted as a supplement to this Motion for Stay.

Defendants will, however, present three general points that support the request for a stay at this time.

**I.     GRANTING A STAY AT THIS EARLY JUNCTURE WILL NOT BE UNFAIR OR PREJUDICIAL.**

Granting a stay at this early juncture will not be unfair or prejudicial. The parties have not been litigating any aspect of this lawsuit. There is no scheduling order in place and there are no litigation deadlines. The parties have, for all intents and purposes, treated the litigation as stayed. On July 9 2019, Plaintiffs filed an unopposed order deferring the requirement to

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

prepare a joint Local Rule 26(a) scheduling order for approximately a week. The Court granted the motion on July 10, 2019 and entered the same order on July 18, 2019.

On July 22, 2019, after filing dispositive motions, the Defendants moved to stay discovery until after the Court ruled on the motions. Plaintiffs opposed the motion to stay. Briefing was complete on the motion for stay on August 1, 2019, but no order issued until the motion was denied as moot on March 31, 2020 after the certification of the class action.

No party engaged in discovery during the intervening eight months beyond the exchange of medical records based on informal requests (accompanied by appropriate releases.) The parties tacitly and sensibly regarded the pending motion for a stay as a *de facto* stay. The requested stay at this time will merely continue the *status quo* as it existed before the entry of the order certifying the class action.

**II.   A STAY AT THIS JUNCTURE WILL SAVE THE ATTORNEYS, THEIR CLIENTS (MANY OF WHO ARE PUBLIC SERVANTS) AND THE COURT CONSIDERABLE TIME AND EXPENSE.**

Were a stay not entered, the Court could expect the parties to engage in long-deferred pre-trial activities. These include the fashioning of a scheduling order that contemplates all discovery to be completed in 240 days. Discovery will include, at a minimum, activities by counsel and their clients and representatives such as these:

- The preparation and service of initial disclosures pursuant to Fed. R. Civ. P. 26(a) (1);

- Preparation, service and responses to interrogatories and Requests to Produce;

- Preparation for and conduct of depositions of non-experts:

- Preparation and attendant expense of expert reports by both sides in the litigation, the exchange of the same and the taking of expert depositions, even though important questions about the scope or the very existence of a class action is in the hands of the Circuit Court;

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

- Engagement in Early Neutral Evaluation, if agreed by all the parties, which appears to be impossible if the identification of legal and factual issues are in the hands of the Circuit Court; and

- Preparation for trial, which could be expected at any time after the close of discovery in 240 days, that is, some time in November, 2020, notwithstanding that the timing of all trials and evidentiary hearings is completely unpredictable to Court and counsel given the current State of Emergency.

Discovery does not take place solely inside lawyers' offices. While lawyers are active in discovery matters, discovery on the defense side of the class action will require considerable attention and participation of persons who are not inmates. These persons are likely to be public officials and medical providers who are responsible for the provision of services and the administration of the Vermont system of corrections.  "[P]re-trial burdens like discovery" are "disruptive of government effectiveness" and requiring discovery before jurisdictional and procedural infirmities are resolved prejudices the Defendants. *See Locurto v. Safir*, 264 F.3d 154, 164 (2d Cir. 2001) (*discussing Behrens v. Pelletier*, 516 U.S. 299, 307 (1996)).

The attention of non-lawyers in the Department of Corrections and working with inmates in correctional facilities who will be burdened with discovery are presently occupied by the State of Emergency posed by the COVID 19 pandemic and the special problems of battling the pandemic in the correctional facilities.[1] The State of Emergency can be expected to continue for months and the end is not in sight. Many of the persons that counsel will need to have access to are no longer working in their offices. These individuals will have to obtain

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

---

[1] Just today, for example, the public was informed that 28 inmates and 5 staff members tested positive for the COVID 19 virus at the Northwest State Correctional Facility. *See, e.g.,* 28 INMATES, 3 STAFF AT ST. ALBANS PRISON TEST POSITIVE COVID-19, https://www.samessenger.com/news/28-inmates-3-staff-at-st-albans-prison-test-positive-covid-19/article_18a91292-7abf-11ea-b8e9-bff5d4d9ef62.html

important information while working from remote locations, with all the attendant frustrations this will impose.

For the record, the Governor has declared a State of Emergency. Exhibit 1. The National Guard has been called to active service. For all practical purposes, Vermonters are confined to their homes,[2] with attendant delays, inefficiencies and frustrations imposed not only by working remotely, but working within the constraints of questionable cellular and internet access in rural Vermont. Business as usual is at an end. Exhibit 3, Addendum 6 to Governor's Order. Restrictions have been placed on those traveling into the State of Vermont because "COVID-19 virus continues to spread and threatens to overwhelm the State's ability to respond." Exhibit 4, Addendum 7 to Governor's Order. In particular, Vermont correctional facilities are locked down with movement of all persons, inmates or staff, is severely restricted. Exhibits 5 and 6.

The Court is not guaranteed to be aloof from pretrial activities by the attorneys and parties. It should be expected that not all pre-trial disputes can be worked out by counsel without involving the Court. The Court may be called upon the decide good-faith disputes about such matters as (i) the proper parties to be named as defendants, (ii) issues about disclosure, discovery, or preservation of electronically stored information; claims of privilege (medical issues, proprietary business matters, etc.) and the issuance and enforcement of protective orders. All of these demands should be stayed until after the appeal.

When balancing hardships, the Court should recognize that any inmate aggrieved by decisions regarding his/her treatment for hepatitis or any other medical matter, can

AUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
URLINGTON, VERMONT 05401

---

[2] Exhibit 2, Addendum 5 to Governor's Order.

individually make use of the grievance process and, if unsatisfied, still have individual access to the courts via review in the Superior Courts as allowed by V.R.Civ.Proc. 75, or, possibly, in this court. Inmates, assisted by their counsel, have a panoply of relief, some immediate, to call upon. Thus, a stay pending appeal will pose no additional delays or hardship beyond those expected if this class action proceeds to the discovery phase without a stay.

## III. DEFENDANTS EXPECT SUCCESS ON THE MERITS.

Without repeating or limiting the content of Defendants' petition to the Circuit Court, Defendants sincerely think Circuit Court will hold that the record is insufficient for the certification of a class. It is accepted in this Circuit that Plaintiffs, as the parties seeking certification, "bear[ ] the burden of establishing the existence of all four Rule 23(a) requirements, … 'numerosity, commonality, typicality, and adequacy.' " *Bourlas v. Davis Law Assocs.,* 237 F.R.D. 345, 350 (E.D.N.Y.2006) (citations omitted); *see also* F.R.Civ.Proc. 23(a). It is also well accepted in this Circuit that a district court must undertake a "rigorous analysis" and "assess all of the relevant evidence admitted at the class certification stage [to] determine whether each Rule 23 requirement has been met[.]" *In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 33, 42 (2d Cir.2006) ["*IPO*"]. Not only do Plaintiffs need to satisfy this burden, they must also establish that their proposed class action is one of the three types of class action suits identified in Rule 23(b). *Allen v. Dairy Farmers of America, Inc.,* 279 F.R.D. 257, 262–63 (D.Vt. 2011).

Class certification requires "significant proof" in support of generalized claims. *Gen. Tel. Co. of the Sw. v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). As a result, "the class determination generally involves considerations that are 'enmeshed in the

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

Where "significant proof" is lacking, class certification should be denied. *See Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1269 (11th Cir.2009) (prohibiting courts from being "generous or forgiving" of failures of proof when performing rigorous analysis).

The Circuit Court directs that in order to satisfy the "rigorous analysis" standard, "the district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *IPO*, 471 F.3d at 32–42.

A district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met and in so doing, the district judge must resolve factual disputes relevant to each Rule 23 requirement. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir.2011) (quoting *IPO*, 471 F.3d at 41). While class certification does not become a pretext for a partial trial of the merits, the district judge should not defer factual findings to a later date in connection with consideration of the merits, as Courts often do when considering a Motion to Dismiss pursuant to F.R.Civ.Proc. 12(b). *Id.*

Many significant questions have been deferred to a later date. For example:

- The entire threshold question of acertainability has been deferred to the date of a merits hearing. OPINION at 18 – 19.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

- Despite recognizing that "Plaintiffs admit that the exact number of putative class members is not yet known,"[3] the Court has accepted the bare assertion that the number of putative class members is in excess of 100 persons.

- Without taking evidence on the question of whether a class-wide order could be fashioned applicable to all inmates, and while recognizing that "reasons for denial of treatment may vary among class members,"[4] the Court accepted without analysis the Plaintiffs' assertion that the standard of care is a single common question applicable to the class as a whole.

- In deferring for a later date the question what constitutes a typical claim the Court, accepted as conclusive the mere allegation that the Defendants' conduct toward the named Plaintiffs was typical of the Defendants' actions to all other similarly situated inmates.

- Finally, the Court accepted as class representatives one inmate who has been released and another who refused the very treatment requested by class counsel. This, the Court ruled, would be the subject of discovery[5] and, presumably, reconsidered in a merits hearing.

Given the *de facto* stay already in place, the burden on the Defendants and the District Court by forging ahead with discovery during a State of Emergency and while an appeal is

---

[3] OPINION at 19.
[4] OPINION at 20.
[5] OPINION at 22.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

pending and given the likelihood of success on the merits, Defendants respectfully request an

Order staying all proceedings pending resolution in the Circuit Court.

    DATED April 20, 2020.

| | |
|---|---|
| CENTURION OF VERMONT, LLC | THOMAS J. DONOVAN, JR. ATTORNEY GENERAL |
| BY: /s/ Stephen J. Soule<br>Stephen J. Soule, Esq. | By: /s/ Jared Bianchi<br>Jared C. Bianchi,<br> Assistant Attorney General |
| BY: /s/ Pamela L.P. Eaton<br>Pamela L.P. Eaton, Esq. | Robert LaRose,<br> Senior Assistant Attorney General |
| PAUL FRANK + COLLINS P.C.<br>PO Box 1307<br>Burlington, VT 05402-1307<br>802.658.2311<br>ssoule@pfclaw.com<br>peaton@pfclaw.com | 280 State Drive, HC2N<br>Waterbury, VT 05671-2080<br>(802) 241-0194<br>jared.bianchi@vermont.gov<br><br>Attorneys for Defendants<br>Secretary Mike Smith<br>Commissioner James Baker |
| Pro Hac Vice Attorneys:<br>Michael Bentley, Esq.<br> Molly Walker, Esq.<br>Bradly Arant Boult Cummings LLP<br>One Jackson Place<br>188 E Capitol Street, Suite 100<br>Jackson, MS 39201<br>601.592.9935<br>mbentley@bradley.com<br>mmwalker@bradley.com | |

Paul Frank + Collins P.C.
Attorneys at Law
P.O. Box 1307
Burlington, Vermont 05401

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, I electronically filed the *Defendants' Motion for Stay* with the Clerk of the Court using the CM/ECF system:

James M. Diaz, Esq.
Lia N. Ernst, Esq.
ACLU Foundation of Vermont
PO Box 277
Montpelier, VT 05601-0277

James A. Valente, Esq.
Costello, Valente & Gentry, P.C.
51 Putney Road, PO Box 483
Brattleboro, VT 05302-4832

Kevin Costello, Esq.
Center for Health Law & Policy Information
Harvard Law School
1585 Massachusetts Avenue
Cambridge, MA 02138

Michael Bentley, Esq. (mbentley@bradley.com)
Molly Walker, Esq. (mmwalker@bradley.com)
Bradly Arant Boult Cummings LLP
One Jackson Place
188 E Capitol Street, Suite 100
Jackson, MS 39201

Jared C. Bianchi
Assistant Attorney General
280 State Drive, HC2N
Waterbury, VT 05671-2080

Robert LaRose, Esq.
Senior Assistant Attorney General
280 State Drive, HC2N
Waterbury, VT 05671-2080

DATED at Burlington, Vermont, this 10th day of April 2020.

BY:  /s/ Stephen Soule
Stephen Soule, Esq.
Pamela L.P. Eaton, Esq.
PAUL FRANK + COLLINS P.C.
PO Box 1307
Burlington, VT 05402-1307
802.658.2311
ssoule@pfclaw.com
peaton@pfclaw.com

7872741_2:11981-00310