UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
RICHARD WEST and JOSEPH          )
BRUYETTE, individually and       )
on behalf of a class of          )
similarly situated persons,      )
                                 )
          Plaintiffs,            )
                                 )
          v.                     )   Case No. 2:19-cv-81
                                 )
MICHAEL SMITH, Vermont           )
Secretary of Human Services,     )
JANE DOE, Vermont Deputy         )
Secretary of Human Services,     )
JAMES BAKER, Interim Vermont     )
Department of Corrections        )
Commissioner, JOHN DOE,          )
Vermont Department of            )
Corrections Health Services      )
Director, in their official      )
capacities, and CENTURION        )
OF VERMONT, LLC,                 )
                                 )
          Defendants.            )
```

## OPINION AND ORDER

This is a class action brought on behalf of Vermont inmates and detainees who have been diagnosed with chronic Hepatitis C Virus (HCV). The Complaint alleges that, contrary to the prevailing standard of medical care, Defendants have refused to provide available and effective treatment because the treatment is expensive. The Complaint seeks declaratory and injunctive relief so that class members can begin receiving appropriate care.

The Court recently certified the plaintiff class, and Defendants seek to appeal that certification. Before the Court

is Defendants' motion to stay all proceedings while their appeal is pending. Plaintiffs oppose the motion to stay, in part because of the harm that will allegedly result in further delays of proper treatment. For the reasons set forth below, the motion for a stay pending appeal is **denied**.

## Factual and Procedural Background

The Plaintiff class consists of inmates and detainees in the custody of the Vermont Department of Corrections (DOC) who have been diagnosed with chronic HCV. HCV is a highly communicable disease that scars the liver and can cause other severe health issues, including cancer and death. Defendants include officials of the Vermont Department of Corrections and the Vermont Agency of Human Services, as well as the contracted prison healthcare provider, Centurion of Vermont, LLC. The Complaint alleges that Defendants are denying or withholding curative HCV medications from Vermont inmates without medical justification in order to avoid the associated costs.

Plaintiffs filed their Complaint and moved for class certification on May 21, 2019. Defendants opposed the motion for class certification and moved to dismiss the case for lack of jurisdiction. They also moved to stay the case while the motion to dismiss was pending. On March 30, 2020, the Court denied the motion to dismiss, certified the class, and denied the motion to stay as moot. To date, Defendants have not filed an answer or

2

other responsive pleading aside from the initial motion to
dismiss.

Defendants now inform the Court that they are appealing the
class certification, and have moved to further stay the case
while that appeal is pending.

## Discussion

A stay pending appeal is governed by Federal Rule of Civil
Procedure 62(d).  "A stay is not a matter of right, even if
irreparable injury might otherwise result.  It is instead an
exercise of judicial discretion, and the propriety of its issue
is dependent upon the circumstances of the particular case."
*Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citation,
quotation marks and alteration omitted).  "The party requesting a
stay bears the burden of showing that the circumstances justify
an exercise of that discretion.  *Id.* at 433-34.

Motions to stay are traditionally evaluated using "four
factors: (1) whether the stay applicant has made a strong showing
that he is likely to succeed on the merits; (2) whether the
applicant will be irreparably injured absent a stay; (3) whether
issuance of the stay will substantially injure the other parties
interested in the proceeding; and (4) where the public interest
lies."  *Id.* at 425-26 (internal quotation marks omitted); *accord*
*Trump v. Deutsche Bank AG*, 943 F.3d 627, 640 n.23 (2d Cir. 2019).
The Second Circuit has "treated these criteria somewhat like a

3

sliding scale . . . the probability of success that must be
demonstrated is inversely proportional to the amount of
irreparable injury plaintiff will suffer absent the stay.  Simply
stated, more of one excuses less of the other." *Thapa v.
Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (quotations and
alterations omitted); *see also In re World Trade Ctr. Disaster
Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) ("the degree to
which a factor must be present varies with the strength of the
other factors").

I.   **Likelihood of Success**

     In determining Defendants' likelihood of success on appeal,
the Court is asked to assess the probability that it has erred.
*See Hayes v. City Univ. of New York*, 503 F. Supp. 946, 963
(S.D.N.Y. 1980), *aff'd*, 648 F.2d 110 (2d Cir. 1981).  Relevant
considerations include "the extent to which the decision is
supported by precedent" and "the standard of review that will
govern the appeal."  *Id.*  Success on appeal requires both that
Defendants' Rule 23(f) petition for interlocutory appeal is
granted and that, upon review, the Court of Appeals decertifies
the class.  *See Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 412
(D. Del. 2010); *In re Lorazepam & Clorazepate Antitrust Litig.*,
208 F.R.D. 1, 4 (D.D.C. 2002).

     A.   **Rule 23(f)**

     Pursuant to Rule 23(f) "[a] court of appeals may permit an

4

appeal from an order granting or denying class-action certification" upon a timely petition.  Fed. R. Civ. P. 23(f). The Second Circuit will only grant leave to appeal where a petitioner demonstrates either "(1) that the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, or (2) that the certification order implicates a legal question about which there is a compelling need for immediate resolution." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 76 (2d Cir. 2004) (quoting *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001)).  The first category includes "'death knell' cases" where class certification "forces the defendants to settle." *Sumitomo*, 262 F.3d at 138. The second category includes cases in which certification "implicates an unresolved legal issue."  The Second Circuit has emphasized that "the standards of Rule 23(f) will rarely be met." *Id.* at 140.

Here, the parties have submitted copies of their Rule 23(f) submissions to the Second Circuit.  Briefly stated, Defendants argue that Plaintiffs lack standing——an issue this Court previously addressed and need not revisit.  Defendants also submit that there is a Circuit split on one issue, though Plaintiffs counter that the Circuit decisions cited by Defendants are actually in agreement.  Finally, Defendants contend that the

5

Court certified the class without a sufficiently-vigorous
exploration of the facts.  In this Court's view, none of these
arguments offers a legal question about which there is a
compelling need for immediate resolution.  *See Hevesi*, 366 F.3d
at 76.

As to the question of whether the certification order will
effectively terminate the litigation, the Second Circuit has
explained that in such cases "the class certification order
effectively terminates the litigation either because the denial
of certification makes the pursuit of individual claims
prohibitively expensive or because the grant of certification
forces the defendants to settle."  *Sumitomo*, 262 F.3d at 138.
Here, the class was certified, and Defendants have not argued
that certification will force them to avoid further litigation.
Accordingly, the Court finds that Defendants have not shown a
substantial possibility of success on their Rule 23(f) petition.

**B.    Rule 62(d)**

Defendants have also failed to carry their burden for a stay
under Rule 62(d).  As noted, one consideration when adjudicating
a motion for stay pending appeal is the appellate standard of
review.  A "district court's decision to certify a class will be
overturned only if the district court abused its discretion."
*Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 375 (2d Cir.
1997).  In addition, "[a] reviewing court must exercise even

greater deference when the district court has certified a class
than when it has declined to do so." *Id.*

For the reasons set forth in its ruling, the Court believes
that class certification was warranted.  Correspondingly, the
Court finds Defendants' appellate claims unpersuasive.

## II.  **Harm to Parties**

The next factor requires the Court to decide whether the
movants will be irreparably harmed absent a stay.  Irreparable
harm must be "neither remote nor speculative, but actual and
imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d
969, 975 (2d Cir. 1989) (internal quotation marks and citation
omitted); *accord Nken*, 556 U.S. at 434–35 ("simply showing some
possibility of irreparable injury fails to satisfy" this factor).
The Court must also consider the harm to other interested parties
if a stay is granted.  *Nken*, 556 U.S. at 425-26.

Defendants focus on the burden of engaging in discovery, and
of litigation generally.  Insofar as those efforts may incur
injurious costs, "[i]t is well-established by courts in the
Second Circuit . . . that the prospect of incurring litigation
costs, even if substantial, is not sufficient to constitute
irreparable injury." *Strougo v. Barclays PLC*, 194 F. Supp. 3d
230, 234 (S.D.N.Y. 2016); *see also Hammerman v. Peacock*, 623 F.
Supp. 719, 721 (D.D.C. 1985) ("litigation costs do not rise to
the level of irreparable injury").  The general burden of

litigation is also insufficient. *See F.T.C v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) ("the expense and annoyance of litigation is part of the social burden of living under government").

Defendants have raised the fact that this case suddenly finds itself in the midst of a global pandemic, and that COVID-19 is particularly challenging for correctional facilities. The Court is sensitive to this issue, to the functional barriers it creates, and to the need for State employees to focus on that event. Nonetheless, a coincident pandemic should not bring this litigation to a full stop, particularly when inmates with HCV may be at heightened risk. The Court therefore finds that Defendants have not carried their burden with respect to the balance of harms that may result from the denial of a stay.

### III. Public Interest

Both sides in this case bring forth concerns of public interest. Defendants cite a burden on public resources, while Plaintiffs advocate for consideration of public health and constitutional rights. In that balance, Plaintiffs have the stronger position. *See Ligon v. City of New York*, 925 F. Supp. 2d 478, 541 (S.D.N.Y. 2013) ("[T]he public interest lies with the enforcement of the Constitution."). The court will also consider judicial economy. *See, e.g., Payne v. Jumeirah Hosp. & Leisure (USA) Inc.*, 808 F. Supp. 2d 604, 604 (S.D.N.Y. 2011) (finding

8

further proceedings in that forum would be "unproductive and
incompatible with judicial economy"). Plaintiffs submit that if
class certification is reversed, either the Complaint will be
amended to address the question of standing, or there will be a
remand for additional Rule 23 analysis. In either event, the
case will continue and there is no economy to be found in staying
the case pending appeal.

## Conclusion

For the reasons set forth above, the joint motion to stay
all proceedings pending appeal (ECF No. 61) is **denied**. The
related motions to file certain submissions under seal (ECF Nos.
64, 69) are **granted**.

Defendants' request for an enlargement of time in which to
file an answer or other responsive pleading is granted, and those
pleadings shall be filed within 30 days of this Opinion and
Order. Within that same time period, the parties shall confer
and submit to the Court a proposed stipulated discovery order.
In developing that order, the parties shall take into account the
present burden the COVID-19 pandemic has placed on state
officials, and in particular the Department of Corrections. If
the parties are unable to agree on a discovery schedule, they
shall submit proposals with supporting memoranda within the same
30-day time period.

DATED at Burlington, in the District of Vermont, this 22nd day of May, 2020.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge