UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| RICHARD WEST and JOSEPH BRUYETTE, individually and on behalf of a class of similarly situated persons<br>*Plaintiffs*<br><br>v.<br><br>MICHAEL SMITH, Vermont Secretary of Human Services;<br><br>The Vermont Deputy Secretary of Human Services;<br><br>JAMES BAKER, Vermont Department of Corrections Commissioner; and<br><br>The Vermont Department of Corrections Health Services Director, in their official capacities,<br><br>and<br><br>CENTURION OF VERMONT, LLC,<br>*Defendants* | Docket No. 2:19-cv-81-wks |

### STATE DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

NOW COMES Defendants, Michal Smith, Secretary of the Agency of Human Services, James Baker, Commissioner of the Department of Corrections, and unnamed State Officials and answers the Plaintiffs' Complaint as follows:

## GENERAL DENIAL

Defendants affirmatively deny that they violated any duty allegedly owed to Plaintiffs under the Constitution and laws of the United States, or under the Constitution and laws of any state including the State of Vermont. Further, any allegation not specifically admitted below is hereby denied.

## ANSWER

1. Defendants can neither admit nor deny Plaintiff's intentions.
2. Denied as stated.
3. Denied.
4. Denied.
5. Admit only that Defendants are officials of DOC and AHS and their contracted healthcare provider. Otherwise, denied.
6. Defendants are without knowledge to admit or deny the CDC's 2003 pronouncements or the experience of other corrections systems. Otherwise, denied.
7. Admit that the FDA began approving DAA treatment around approximately 2011. Otherwise, denied.
8. Denied.
9. Denied.
10. Denied.
11. Denied.
12. Denied.

13. Denied.

14. Defendants can neither admit nor deny Plaintiff's intentions.

15. Denied.

16. This paragraph states a legal conclusion to which no response is required.

17. This paragraph states a legal conclusion to which no response is required.

18. This paragraph states a legal conclusion to which no response is required. Denied as to inmates in Mississippi.

19. Denied.

20. Admit that Plaintiff Bruyette is an inmate in the custody of Vermont Department of Corrections. Otherwise, denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admit that, as a contracted healthcare provider for DOC, Centurion of Vermont is deemed to be a state actor. Otherwise, denied.

26. Denied as stated.

27. Denied as stated.

28. Denied as stated.

29. Denied as stated.

30. Denied as stated.

31. Denied as stated.

32. Denied as stated.
33. Denied as stated.
34. Denied as stated.
35. Denied as stated.
36. Denied as stated.
37. Denied as stated.
38. Denied as stated.
39. Denied as stated.
40. Denied as stated.
41. Denied as stated.
42. Denied as stated.
43. Denied as stated.
44. Denied as stated.
45. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.
46. Denied as stated.
47. Denied as stated.
48. Denied as stated.
49. Denied as stated..
50. Denied as stated.
51. Denied as stated.
52. Denied as stated.

53. Denied as stated.

54. Denied as stated.

55. Denied as stated.

56. Denied as stated.

57. Denied as stated.

58. Denied as stated.

59. Denied as stated.

60. Denied as stated.

61. Denied as stated.

62. Denied as stated.

63. Denied as stated.

64. Denied as stated.

65. Denied as stated.

66. Denied as stated.

67. Denied as stated.

68. Denied as stated.

69. Denied as stated.

70. Denied as stated.

71. Admit that Vermont Medicaid covers DAAs. Otherwise, denied.

72. Denied as stated.

73. Denied as stated.

74. Defendants are without knowledge to admit or deny Plaintiffs' subjective perception of Defendants' statements.

75. Denied.

76. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

77. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

78. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

79. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

80. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

81. This paragraph states a legal conclusion to which no response is required. Otherwise, denied.

82. Admit.

83. Denied.

84. Denied as stated.

85. Denied as stated.

86. Denied as stated.

87. Denied as stated.

88.  Denied as stated.

89. Denied as stated.

90. Denied as stated.

91. Denied as stated.

92. Denied as stated.

93. Defendants are without knowledge to admit or deny.

94. Denied.

95. Denied.

96. Defendants are without knowledge to admit or deny Plaintiffs' subjective perception of "political pressure." Otherwise, denied.

97. Denied.

98. Admit that former Commissioner Menard sent an email with the quoted text copied from another sender. Otherwise, denied.

99. Denied.

100. Denied.

101. Admitted.

102. Admitted except denied as to categorical ineligibility.

103. Admit.

104. Admit only that cited exhibit states "We secured $200,000 in HepC money and have a plan to secure $1.8 million at BAA. I want to personally understand, and I want to personally decide how we spend this money. We must have a plan, be able to articulate exactly how this works and be able to reconcile at the end." Otherwise denied.

105. The legislative record speaks for itself, otherwise denied.

106. The legislative record speaks for itself, otherwise denied.

107. Denied.

108. The legislative record speaks for itself, otherwise denied.

109. The legislative record speaks for itself, otherwise denied.

110. Defendants are without knowledge to admit or deny a third party's testimony.

111. Denied.

112. The legislative record speaks for itself, otherwise denied.

113. The legislative record speaks for itself, otherwise denied.

114. Defendants are without knowledge to admit or deny a third party's testimony.

115. The legislative record speaks for itself, otherwise denied.

116. Denied.

117. The legislative record speaks for itself, otherwise denied.

118. Denied.

119. Denied.

120. Defendants lack sufficient knowledge to answer. Otherwise, denied.

121. Denied.

122. Denied.

123. Denied as stated.

124. Denied as stated.

125. Denied as stated.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Defendants are without knowledge to admit or deny DVHA's thought process. Otherwise, denied.

131. Admit that the email is accurately quoted. Otherwise, denied.

132. Defendants are without knowledge to admit or deny DVHA's budget process. Otherwise, denied.

133. Denied as stated.

134. Denied as stated.

135. Denied.

136. Denied as stated.

137. Denied as cited link appears inaccessible.

138. Denied

139. Defendants are without knowledge to admit or deny Plaintiffs' subjective perception of unnamed inmates and medical providers' knowledge. Otherwise, denied.

140. Defendants are without knowledge to admit or deny Plaintiffs' interpretation of the consensus among unnamed practitioners or in uncited literature.

141. Denied that Plaintiff West is in DOC custody.

142. Defendants are without knowledge to admit or deny Plaintiff West's life expectancy.

143. Denied.

144. Denied as stated.

145. Defendants are without knowledge to admit or deny Plaintiffs' subjective perception.

146. Denied.

147. Denied.

148. Denied.

149. Admit.

150. The grievance documents speak for themselves. Otherwise denied.

151. The grievance documents speak for themselves. Otherwise denied.

152. The grievance documents speak for themselves. Otherwise denied.

153. The grievance documents speak for themselves. Otherwise denied.

154. The grievance documents speak for themselves. Otherwise denied.

155. The grievance documents speak for themselves. Otherwise denied.

156. The grievance documents speak for themselves. Otherwise denied.

157. The grievance documents speak for themselves. Otherwise denied.

158. Denied as stated.

159. Denied as stated.

160. Denied.

161. Denied.

162. Admitted.

163. Denied.

164. Denied.

165. Admitted.

166. Denied that Bruyette currently suffers from HCV.

167. Defendants are without knowledge to admit or deny Plaintiffs' subjective perception. Otherwise, denied.

168. Denied.

169. Admitted.

170. Denied.

171. Denied.

172. The grievance documents speak for themselves. Otherwise denied.

173. The grievance documents speak for themselves. Otherwise, denied.

174. The grievance documents speak for themselves. Otherwise denied.

175. The grievance documents speak for themselves. Otherwise denied.

176. The grievance documents speak for themselves. Otherwise denied.

177. The grievance documents speak for themselves. Otherwise denied.

178. Denied.

179. Denied.

180. Defendants incorporate the preceding paragraphs of this answer.

181. No response required.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. No response required.

189. Denied.

190. Denied.

191. Denied.

192. Count was dismissed and this paragraph contains a legal conclusion. No response is required.

193. Count was dismissed and this paragraph contains a legal conclusion. No response is required.

194. Count was dismissed and this paragraph contains a legal conclusion. No response is required.

195. Count was dismissed and this paragraph contains a legal conclusion. No response is required.

196. Denied.

197. Count was dismissed and this paragraph contains a legal conclusion. No response is required.

198. Count was dismissed and this paragraph contains a legal conclusion. No response is required.

199. Denied.

200. Admitted.

201. Denied.

## PRAYER FOR RELIEF

Defendants deny the allegations in the un-numbered paragraph following paragraph 201, beginning with "WHEREFORE", including all subparts, and specifically denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. The Prison Litigation Reform Act of 1995 ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit. 42 U.S.C. § 1997e(a). Plaintiffs failed to exhaust his administrative remedies prior to commencing this action.

2. Defendants are entitled to, and hereby formally pleads and asserts, its qualified and official immunities, both state and federal common law and statutory as well as any defenses or other provisions or requirements of the Vermont Tort Claims Act, Vt. Stat. Ann. Tit. 12, § 5601 et seq. to any and all claims alleged against it in the Complaint as to both suit and liability, and regardless of whether said claims are alleged under state or federal law.

3. Plaintiffs' alleged injuries, if any, were not proximately caused by any action or inaction of defendants, were the results of their own action(s) or inaction(s), and/or the action(s) or inaction(s) of third-persons for whom defendants may not be held liable.

4. Some or all of plaintiffs' claims are barred by their lack of standing, the doctrine of mootness, because they are not ripe for judicial review, and/or are insufficient so as to warrant an award of injunctive or declaratory relief.

5. Defendants affirmatively plead all defenses to which they are, or may become, entitled to through discovery in this action, under 20 U.S.C. §§ 1400 *et seq.*, 42 U.S.C. § 1983, 42 U.S.C. §§ 12131 *et seq.*, the Prison Litigation Reform Act, and/or any other provisions of federal or state law.

6. Defendants expressly reserve and invoke their Eleventh Amendment immunity.

7. Some or all of plaintiffs' claims are barred by the doctrines of unclean hands, waiver and/or estoppel, and/or res judicata.

8. Defendants affirmatively assert all defenses which are available, or may become available through further discovery, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

~signature on next page~

DATED June 22, 2020.

        Respectfully Submitted,

        THOMAS J. DONOVAN, JR.
        ATTORNEY GENERAL

By:   /s/ Robert M. LaRose, Esq.
      Robert M. LaRose, Esq.
      Assistant Attorney General
      Attorney General's Office
      280 State Drive, HC2N
      Waterbury, VT  05671-2080
      (802) 241-0206
      Robert.LaRose@vermont.gov

By:   ____/s/ Jared Bianchi_____
      Jared C. Bianchi
      Assistant Attorney General
      280 State Drive, HC2N
      Waterbury, VT  05671-2080
      (802) 241-0194
      jared.bianchi@vermont.gov