**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

RICHARD WEST and JOSEPH
BRUYETTE, individually and on behalf of a
class of similarly situated persons;

      Plaintiffs,

      v.

MICHAEL SMITH, Vermont Secretary of
Human Services, JANE DOE, Vermont
Deputy Secretary of Human Services,
JAMES BAKER, Vermont Department of
Corrections Commissioner, JOHN DOE,
Vermont Department of Corrections Health
Services Director, in their official capacities,
and CENTURION OF VERMONT, LLC,

      Defendants.

CIVIL ACTION NUMBER:  2:19-cv-81

## ANSWER TO CLASS ACTION COMPLAINT

Defendant Centurion of Vermont, LLC, ("Centurion") files this Answer and Defenses to Plaintiffs' Complaint and states:

## GENERAL DENIAL

Centurion affirmatively denies that it violated any duty allegedly owed to Plaintiffs under the Constitution and laws of the United States, or under the Constitution and laws of any state including the State of Vermont.  Further, any allegation not specifically admitted below is hereby denied.

## ANSWER

Centurion responds to the Complaint, paragraph-by-paragraph, as follows:

Centurion denies all of the allegations in the unnumbered opening paragraph of Plaintiffs' Complaint.  Specifically, Centurion denies that it engages in a practice to withhold medicines from inmates with chronic Hepatitis C Virus (chronic HCV) for nonmedical reasons, and further denies

1

any implication that Centurion fails to meet applicable standards of care.  Additionally, Centurion denies Plaintiffs' allegation that Centurion refuses to treat patients with chronic HCV to save money or that Centurion's policy or practice violates any duty under the Constitution of the United States or the State of Vermont.

## **INTRODUCTION**

1.      Denied as stated.

2.      Denied as stated.

3.      Denied.

4.      Denied.

5.      Centurion admits that it provides contractually specified health-care services to inmates throughout the State of Vermont pursuant to a contract with the Vermont Department of Corrections ("VDOC").  Centurion denies all other allegations in this paragraph.

6.      Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

7.      Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

8.      Centurion lacks the information necessary to admit or deny the allegation in the first sentence of this paragraph that all members of the putative class have a certain life expectancy and have made a request for direct acting antiviral medication (DAAs), and therefore denies those allegations on that basis.  Centurion denies all other allegations in this paragraph.

9.      Denied.

10.      Denied.

11.      Denied.

12.     Denied.

13.     Denied.

14.     Centurion denies that Plaintiffs are entitled to any relief in this action.

15.     Centurion lacks the information necessary to admit or deny the allegation in this paragraph, and therefore denies the allegations on that basis.

## JURISDICTION AND VENUE

16.     This paragraph contains legal conclusions and citations to which no response is required.

17.     Centurion admits that this Court has jurisdiction over this civil action.  Centurion denies all other allegations in this paragraph.

18.     Centurion admits that venue is proper in this Court.  Centurion denies all other allegations in this paragraph.

## PARTIES

**A.     Plaintiffs**

19.     Centurion admits that Plaintiff Richard West was in the custody of the Vermont Department of Corrections ("DOC") when the Complaint was filed.  Centurion denies all other allegations in this paragraph.

20.     Centurion admits that Plaintiff Joseph Bruyette was in the custody of the Vermont Department of Corrections ("DOC") when the complaint was filed.  Centurion denies all other allegations in this paragraph.

**B.     Defendants**

21.     The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

22.     The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

23.     The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

24.     The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

25.     Centurion admits that, as a contracted healthcare provider for DOC, it is deemed to be a state actor.  Centurion denies all other allegations in this paragraph.

## FACTUAL ALLEGATIONS

### A.     HCV is a Highly Communicable Life-Threatening Disease

26.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

27.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

28.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

29.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

30.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

31.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

32.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

33.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

34.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

35.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

36.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

37.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

38.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

39.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

40.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

41.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

42.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

43.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

44.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

45.     This paragraph contains legal conclusions, along with Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

46.     Denied.

**B.      The Hepatitis C Epidemic Is a Widespread, Growing Crisis**

47.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

48.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

49.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

50.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

51.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

52.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

53.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

54.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

55.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

56.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

57.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

58.     The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

**C.     Chronic HCV Can Now Be Effectively Cured**

59.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

60.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

61.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

62.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

63.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

64.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

65.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

**D.     DAA Treatment is the Standard of Care for Nearly All People with Chronic HCV**

66.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

67.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

68.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

69.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

70.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

71.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated

72.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

73.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.

74.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.  The declaration referenced in this paragraph speaks for itself.

75.     This paragraph contains Plaintiffs' characterizations of certain medical conditions and public health matters, which Centurion denies as stated.  Centurion specifically denies that it has violated the standard of care with respect to its treatment of Plaintiffs or any putative class member.

E.      **The Defendant's Policy or Practice Unconstitutionally Denies to or Withholds from Plaintiffs and the Putative Class Treatment for Chronic HCV**

        1.      Vermont Law

76.     This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The statutes cited by Plaintiffs in this paragraph speak for themselves.  To the extent a further response is required, Centurion denies the allegations as stated.

77.     This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The policies cited by Plaintiffs in this paragraph speak for themselves.  To the extent a further response is required, Centurion denies the allegations as stated.

78.     This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The statute cited by Plaintiffs in this paragraph speaks for itself.  To the extent a further response is required, Centurion denies the allegations as stated.

79.     This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The statute cited by Plaintiffs in this paragraph speaks for itself.  To the extent a further response is required, Centurion denies the allegations as stated.

80.     This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The statute cited by Plaintiffs in this paragraph speaks for itself.  To the extent a further response is required, Centurion denies the allegations as stated.

81.     This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The statute cited by Plaintiffs in this paragraph speaks for itself.  To the extent a further response is required, Centurion denies the allegations as stated.

2.      The Defendants' Recent Policy or Practice of Rationing and Denying DAA Treatment

82.     The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

83.     This paragraph contains Plaintiffs' arguments and conclusions about the meaning and applicability of certain policies and guidelines, which Centurion denies.

84.     Denied as stated.

85.     This paragraph contains Plaintiffs' arguments and conclusions about the meaning and applicability of certain policies and guidelines, which Centurion denies.

86.     This paragraph contains Plaintiffs' arguments and conclusions about the meaning and applicability of certain policies and guidelines, which Centurion denies.

87.     This paragraph contains Plaintiffs' legal arguments about controlling standards of care, which Centurion denies as stated.

88.     This paragraph contains Plaintiffs' arguments and conclusions about the meaning and applicability of certain policies and guidelines, which Centurion denies.

89.     This paragraph contains Plaintiffs' legal arguments about controlling standards of care, which Centurion denies as stated.

90.     This paragraph contains Plaintiffs' arguments and conclusions about the meaning and applicability of certain policies and guidelines, which Centurion denies.

91.     This paragraph contains Plaintiffs' arguments and conclusions about the meaning and applicability of certain policies and guidelines, which Centurion denies.

      3.     The Defendants Know Chronic HCV is a Serious Medical Condition that Places Inmates at Substantial Risk of Harm, but Deny or Withhold Treatment Anyway

92.     The declaration referenced in this paragraph speaks for itself.  Centurion denies the allegations as stated.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

101.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

102.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

103.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

104.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

105.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

106.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

107.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

108.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

109.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

110.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

111.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

112.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

113.    The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

114.   The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

115.   The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

116.   The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

117.   The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

118.   The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

119.   The allegations in this paragraph are not directed at Centurion, and therefore, no response is required.  To the extent a further response is required, Centurion denies the allegations.

4.   Defendants' Current Policy for Chronic HCV Treatment Categorically Denies DAAs to Hundreds of Inmates.

120.   Denied.

121.   The documents referenced in this paragraph speak for themselves.  Centurion denies the allegations.

122.   The documents referenced in this paragraph speak for themselves.  Centurion denies the allegations.

123.   Denied.

124.   Denied.

125.   Denied.

F.      **The Underlying Reason for DOC's Policy or Practice is Cost**

126.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

127.    Denied.

128.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

129.    Denied.

130.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

131.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

132.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

133.    Denied as stated.

134.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

135.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

136.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

137.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

138.    The documents referenced in this paragraph speak for themselves.   Centurion denies the allegations.

139.    Denied.

140.    Denied.

## ALLEGATIONS BY NAMED PLAINTIFFS

**A.    RICHARD WEST**

141.    Admitted only as of the date on which this complaint was filed and based upon information and belief.

142.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

143.    Denied.

144.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

145.    Centurion denies that it has refused to treat Richard West.   Centurion lacks the information necessary to admit or deny the other allegations in this paragraph, and therefore denies the remaining allegations on that basis.

146.    Centurion denies that is has withheld treatment from Richard West.   Centurion lacks the information necessary to admit or deny the other allegations in this paragraph, and therefore denies the remaining allegations on that basis.

147.    Denied.

148.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

149.   Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

150.   Centurion denies that it has refused treatment to Richard West.  Centurion lacks the information necessary to admit or deny the other allegations in this paragraph, and therefore denies the remaining allegations on that basis.

151.   Centurion denies that it has refused treatment to Richard West.  Centurion lacks the information necessary to admit or deny the other allegations in this paragraph, and therefore denies the remaining allegations on that basis.

152.   Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

153.   Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

154.   Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

155.   Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

156.   Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

157.   Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

158.   Denied.

159.   Denied.

160.   Denied.

161.    Denied.

**B.    JOSEPH BRUYETTE**

162.    Admitted only as of the date on which this complaint was filed and based upon information and belief.

163.    Admitted only as of the date on which this complaint was filed and based upon information and belief.

164.    Admitted upon information and belief.

165.    Admitted upon information and belief.

166.    Centurion admits only that, when the complaint was filed, Plaintiff Bruyette had been diagnosed with chronic HCV.  Since the complaint was filed, Plaintiff Bruyette has received successful DAA treatment.  Centurion specifically denies that Plaintiff Bruyette currently suffers from chronic HCV.  Centurion lacks the information necessary to admit or deny the allegations regarding Plaintiff Bruyette's life expectancy.

167.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

168.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

169.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

170.    Centurion denies that it has refused to treat Joseph Bruyette.  Centurion lacks the information necessary to admit or deny the other allegations in this paragraph, and therefore denies the remaining allegations on that basis.

171.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

172.    Centurion denies that it has refused to treat Joseph Bruyette.  Centurion lacks the information necessary to admit or deny the other allegations in this paragraph, and therefore denies the remaining allegations on that basis.

173.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

174.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

175.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

176.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

177.    Centurion lacks the information necessary to admit or deny the allegations in this paragraph, and therefore denies the allegations on that basis.

178.    Denied.  Plaintiff Bruyette has received successful DAA treatment since the Complaint was filed.

179.    Denied.  Plaintiff Bruyette has received successful DAA treatment since the Complaint was filed.

## **CLASS ACTION ALLEGATIONS**

180.    Centurion reasserts and incorporates its answers to paragraphs 1 through 179 of the Complaint as if fully set forth herein.

181.    Denied, including all subparts.   Centurion denies that this civil action should be certified as a class action.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied, including all subparts.

186.    Denied.

187.    Denied.

## CAUSES OF ACTION

### Count I – Eighth and Fourteenth Amendments to the U.S. Constitution via 42 U.S.C. § 1983

188.    Centurion reasserts and incorporates its answers to paragraphs 1 through 187 of the Complaint as if fully set forth herein.

189.    Denied.

190.    Denied.

191.    Denied.

### Count II – Americans With Disabilities Act, 42 U.S.C. §§ 12131, et seq.

192.    Centurion reasserts and incorporates its answers to paragraphs 1 through 191 of the Complaint as if fully set forth herein.

193.    This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The statutes cited by Plaintiffs in this paragraph speak for themselves.  To the extent a further response is required, Centurion denies the allegations as stated.

194.    This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The statute cited by Plaintiffs in this paragraph speaks for itself.  To the extent a further response is required, Centurion denies the allegations as stated.

195.    This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  The statute cited by Plaintiffs in this paragraph speaks for itself.  To the extent a further response is required, Centurion denies the allegations as stated.

196.    This paragraph contains Plaintiffs' legal arguments and conclusions about the meaning and applicability of certain laws and policies, which do not require a response by Centurion.  To the extent a further response is required, Centurion denies the allegations as stated.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

## PRAYER FOR RELIEF

Centurion denies the allegations in the un-numbered paragraph following paragraph 201, beginning with "WHEREFORE", including all subparts, and specifically denies that Plaintiffs are entitled to any relief.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Centurion is entitled to, and hereby formally pleads and asserts, its qualified and official immunities, both state and federal common law and statutory as well as any defenses or other provisions or requirements of the Vermont Tort Claims Act, Vt. Stat. Ann. Tit. 12, § 5601 et seq. to any and all claims alleged against it in the Complaint as to both suit and liability, and regardless of whether said claims are alleged under state or federal law.

## THIRD DEFENSE

Plaintiffs' alleged injuries, if any, were not proximately caused by any action or inaction of defendants, were the results of their own action(s) or inaction(s), and/or the action(s) or inaction(s) of third-persons for whom defendants may not be held liable.

## FOURTH DEFENSE

Some or all of plaintiffs' claims are barred by the applicable statute of limitations and/or laches.

## FIFTH DEFENSE

Some or all of plaintiffs' claims are barred by their lack of standing, the doctrine of mootness, because they are not ripe for judicial review, and/or are insufficient so as to warrant an award of injunctive or declaratory relief.  In particular, but without limiting this affirmative defense in any way, any claims for declaratory or injunctive relief against Centurion will become moot as of the date on which its contract with VDOC expires.

## SIXTH DEFENSE

Some or all of plaintiffs' claims are barred for failure to exhaust administrative remedies.

## SEVENTH DEFENSE

Centurion affirmatively pleads all defenses to which it is, or may become, entitled to through discovery in this action, under 20 U.S.C. §§ 1400 et seq., 42 U.S.C. § 1983, 42 U.S.C. §§ 12131 et seq., the Prison Litigation Reform Act, and/or any other provisions of federal or state law.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution.

## NINTH DEFENSE

Some or all of plaintiffs' claims are barred by the doctrines of unclean hands, waiver and/or estoppel, and/or res judicata.

## TENTH DEFENSE

After the date on which its contract with VDOC expires, Centurion will no longer be a proper party defendant in this injunctive relief proceeding and, as a result, should be dismissed.

## ELEVENTH DEFENSE

Centurion affirmatively asserts all defenses which are available, or may become available through further discovery, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

FOR THESE REASONS, Defendant Centurion of Vermont, LLC respectfully requests that its answer and defenses to Plaintiffs' Complaint be received and moves the Court for dismissal of the complaint with prejudice, at Plaintiffs' sole cost.

DATED at Burlington, Vermont, this 22nd day of June, 2020.

Respectfully Submitted,

CENTURION OF VERMONT, LLC

By:    */s/ Pamela L.P. Eaton*
        Stephen J. Soule, Esq.
        Pamela L.P. Eaton, Esq.
        PAUL FRANK + COLLINS P.C.
        PO Box 1307
        Burlington, VT 05402-1307
        (802) 658-2311
        SSoule@pfclaw.com
        PEaton@pfclaw.com

        Michael Bentley, Esq.
        Molly Walker, Esq.
        Bradly Arant Boult Cummings LLP
        188 E Capitol Street, Suite 1000
        Jackson, MS 39201
        (601) 948-8000
        mbentley@bradley.com
        mmwalker@bradley.com

        *Attorneys for Centurion of*
        *Vermont, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2019, I electronically filed the foregoing *Answer to Class Action Complaint* with the Clerk of the Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing to the following NEF parties:

James A. Valente, Esq.
Costello, Valente & Gentry, P.C.
51 Putney Road, PO Box 483
Brattleboro, VT 05302-4832

Jared C. Bianchi, Esq.
Assistant Attorney General
280 State Drive, HC2N
Waterbury, VT 05671-2080

James M. Diaz, Esq.
Lia N. Ernst, Esq.
ACLU Foundation of Vermont
PO Box 277
Montpelier, VT 05601-0277

Robert LaRose, Esq.
Senior Assistant Attorney General
280 State Drive, HC2N
Waterbury, VT 05671-2080

Kevin Costello, Esq.
Center for Health Law & Policy Information
Harvard Law School
1585 Massachusetts Avenue
Cambridge, MA 02138

Michael Bentley, Esq.
Molly Walker, Esq.
Bradly Arant Boult Cummings LLP
One Jackson Place
188 E Capitol Street, Suite 100
Jackson, MS 39201

DATED: June 22, 2019.

BY:       */s/ Pamela L.P. Eaton*
Pamela Lynn Peters Eaton, Esq.
PO Box 1307
Burlington, VT 05402-1307
802.658.2311
peaton@pfclaw.com

*Attorneys for Defendant*
*Centurion of Vermont, LLC*

7925275_4:11981-00310