UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| RICHARD WEST and JOSEPH BRUYETTE, individually and on behalf of a class of similarly situated persons<br>                *Plaintiffs,*<br><br>                v.<br><br>MICHAEL SMITH, Vermont Secretary of Human Services;<br>The Vermont Deputy Secretary of Human Services;<br>JAMES BAKER, Vermont Department of Corrections Commissioner; and<br>The Vermont Department of Corrections Health Services Director, in their official capacities,<br>and<br>CENTURION OF VERMONT, LLC,<br>                *Defendants.* | Civil Action No. 2:19-cv-81 |

**DEFENDANTS' SUPPLEMENTAL JOINT MEMORANDUM IN SUPPORT OF THEIR PROPOSED DISCOVERY SCHEDULE AND PROTECTIVE ORDER**

Defendants hereby submit a Supplemental Joint Memorandum in Support of Their Proposed Discovery Schedule Joint Proposed Schedule and Protective Disorder ("Supplemental Memorandum.") Defendants provide this Supplemental Memorandum in order to respond to claims made in Plaintiffs' Memorandum in Support of Plaintiffs' Proposed Discovery Schedule regarding the temporal scope of discovery.

Despite the parties' disagreement over the temporal scope of the litigation, Defendants proposed discovery schedule did not include a temporal limit. Until Plaintiffs propound discovery requests, the question over the temporal scope is theoretical. Defendants' proposal will allow the Plaintiffs to propound discovery requests, provide time for Defendants to review the requests, and respond appropriately. This dispute exists in a vacuum without actual discovery requests and the disagreement might be a theoretical disagreement once Defendants see the discovery requests. The

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

question of the temporal scope of discovery should be set aside until discovery begins and revisited only if an actual, non-hypothetical dispute arises.

Plaintiffs repeatedly state that the scope of discovery needs to extend to 2017 because the "policies and practices now employed by Defendants trace their origin to 2017 or earlier." ECF No. 74 at 4. This is patently incorrect. The current protocol for treating chronic Hepatitis C was issued by the Department of Corrections on December 11, 2018.[1] The December 11, 2018 protocol has governed the treatment of chronic Hepatitis C treatment since it was put in place. *Id*. The protocol was formalized and built upon by contract amendment on January 31, 2019. ECF No 52-2. Most significantly, the current protocol for the Department of Corrections' treatment of chronic Hepatitis-C was in place for six months ***before*** Plaintiffs filed their lawsuit.

Referring to Exhibit 1, this is the current program:

> Unless otherwise advised by an infectious disease specialist, the Contractor[2] and its sub-contractors shall provide HCV treatment in the following manner:
>
> • Patients with fib-4 scores of 1.45 or greater shall receive a fibroscan (elastography).
>
> • Regardless of F score, patients shall be referred to an infectious disease specialist (currently UVMMC Infectious Disease Department) for medical consultation, and the infectious disease specialist shall determine the medical necessity for initiating patients on Direct Acting Antiviral (DAA) pharmaceutical treatment.
>
> • Unless medical contraindications exist, patients with HCV who will be in custody long enough to receive a full course of DAA treatment shall be provided with such treatment.

---

[1] This was previously supplied to the Court as ECF 37, Exhibit C, ¶ 4. It is attached again as Exhibit 1.

[2] Defendant, Centurion of Vermont LLC.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

• The DOC shall reimburse the Contractor for the costs of DAAs for HCV treatment within 30 days of receiving an accurate bill.

This lawsuit is about what Plaintiffs contend is wrong with the foregoing protocol. Plaintiffs filed their lawsuit in May, 2019, to obtain a Court order directing the Vermont Department of Corrections to change the *current* Hepatitis-C treatment protocol to conform in some manner with their view of the medical standard of care.

Plaintiffs, in part, allege that discovery should be allowed to extend back to 2017 because of Plaintiffs theory that budget concerns in 2017 have had some sort of impact on medical decisions made under the December 11, 2018 Hepatitis C protocol. Despite having, by their own declaration, "the production of thousands of pages of relevant documents by state government officials,"[3] Plaintiffs have not provided a single document substantiating a departure from the standard of care because of cost for *current* treatment of prison inmates and others in Vermont jails. In fact, given the current protocol, reproduced above, considerations of cost do not enter into the decision about Hepatitis-C treatment.

Plaintiffs instead cite an email from January 31, 2017 to support their position that the Department of Corrections might have limited Hepatitis C treatment because of cost. ECF 74 at 5. However, Plaintiffs misconstrue the email correspondence. Plaintiffs' proffered email exchanges were about how to fit the cost of changing standards for treatment of Hepatitis-C into an existing State budget. It should surprise nobody that the communications on this topic centered on costs.

Plaintiffs fail to connect how 2017 correspondence on how to budget for Hepatitis C treatment bears on how the December 11, 2018 protocol is implemented. Allowing Plaintiffs to engage in discovery is tantamount to permitting Plaintiffs to going on an expedition to dredge up

Paul Frank + Collins P.C.
Attorneys at Law
P.O. Box 1307
Burlington, Vermont 05401

---

[3] ECF 67 at page 28 of 33 (Plaintiffs' Second Circuit brief in opposition to Defendants' Motion to Stay.

four years of information that the Court will find useless in drafting an order henceforth directing the medical staff to treat inmates for chronic Hepatitis-C.

Not only is such discovery useless from the Court's perspective, but it is a pointless waste of time for the half-dozen or more State officials who will need to respond to discovery about what happened four years ago in connection with State and administrative budgets that have been long superseded.

Plaintiffs agree that the goal of the litigation remains prospective relief and challenging the implementation of the December 11, 2018 protocol. ECF 74 at 6. As Defendants have repeatedly stated, Plaintiff does not need to engage in discovery over the historic Hepatitis C treatment practices in order to challenge the implementation of the December 11, 2018 protocol.

Plaintiffs attempt to argue that discovery into the Defendants' historic practices for treating Hepatitis C is necessary because that discovery will bear on whether Defendants have acted with deliberate indifference to the serious medical needs of the class members. However, the question is more precisely, have Defendants, in implementing and following the December 11, 2018 protocol, acted with deliberate indifference to the serious medical needs of the class members and are they continuing to do so as necessary to justify prospective injunctive relief. To answer that question, Plaintiffs need look no further than the current Hepatitis C treatment protocol. The temporal scope of discovery should necessarily be limited to the current Hepatitis C treatment protocol.

WHEREFORE, Defendants request the Court enter a discovery schedule consistent with Defendants' proposed discovery schedule.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

DATED: June 26, 2020.

| | | | |
|---|---|---|---|
| CENTURION OF VERMONT, LLC | | THOMAS J. DONOVAN, JR. ATTORNEY GENERAL | |

BY:  /s/ Stephen J. Soule, Esq.

BY:  /s/ Pamela L.P. Eaton

    PAUL FRANK + COLLINS P.C.
    PO Box 1307
    Burlington, VT 05402-1307
    802.658.2311
    ssoule@pfclaw.com
    peaton@pfclaw.com

    *PRO HAC VICE ATTORNEYS*
    Michael Bentley, Esq.
    Molly Walker, Esq.
    Bradley Arant Boult Cummings LLP
    One Jackson Place,
    188 E. Capitol Street, Suite 100
    Jackson, MS 39201
    601.592.9935
    mbentley@bradley.com
    mmwalker@bradley.com

BY:  /s/ Jared C. Bianchi

    Assistant Attorney General
    Robert LaRose,
    Senior Assistant Attorney General
    280 State Drive, HC2N
    Waterbury, VT 05671-2080
    (802) 241-0194
    jared.bianchi@vermont.gov
    Robert.LaRose@vermont.gov

    Attorneys for Defendants
    Secretary Mike Smith
    Commissioner James Baker

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2020, I electronically filed the foregoing *Defendants' Supplemental Joint Memorandum in Support of Proposed Discovery Schedule and Protective Order* with the Clerk of the Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing to the following NEF parties:

| | |
|---|---|
| James A. Valente, Esq.<br>Costello, Valente & Gentry, P.C.<br>51 Putney Road, PO Box 483<br>Brattleboro, VT 05302-4832 | Jared C. Bianchi<br>Assistant Attorney General<br>280 State Drive, HC2N<br>Waterbury, VT 05671-2080 |
| James M. Diaz, Esq.<br>Lia N. Ernst, Esq.<br>ACLU Foundation of Vermont<br>PO Box 277<br>Montpelier, VT 05601-0277 | Robert LaRose, Esq.<br>Senior Assistant Attorney General<br>280 State Drive, HC2N<br>Waterbury, VT 05671-2080 |
| Kevin Costello, Esq.<br>Center for Health Law & Policy Information<br>Harvard Law School<br>1585 Massachusetts Avenue<br>Cambridge, MA 02138 | Michael Bentley, Esq.<br>Molly Walker, Esq.<br>Bradly Arant Boult Cummings LLP<br>One Jackson Place<br>188 E Capitol Street, Suite 100<br>Jackson, MS 39201 |

DATED at Burlington, Vermont, this June 26, 2020.

BY: /s/ Stephen Soule, Esq.
Pamela L.P. Eaton, Esq.
PAUL FRANK + COLLINS P.C.
PO Box 1307
Burlington, VT 05402-1307
802.658.2311
ssoule@pfclaw.com
peaton@pfclaw.com

7940855_4:11981-00310