UNITED STATES DISTRICT COURT FOR
THE
DISTRICT OF VERMONT

| | |
|---|---|
| RICHARD WEST and JOSEPH BRUYETTE, individually and on behalf of a class of similarly situated persons<br>*Plaintiffs*<br><br>v.<br><br>MICHAEL SMITH, Vermont Secretary of Human Services;<br>The Vermont Deputy Secretary of Human Services;<br>JAMES BAKER, Vermont Department of Corrections Commissioner; and<br>The Vermont Department of Corrections Health Services Director, in their official capacities,<br>and<br>CENTURION OF VERMONT, LLC,<br>*Defendants* | Case No. 2:19-cv-81 |

## **STIPULATED PROTECTIVE ORDER**

This Order governs the discovery and use of Confidential Materials (as defined herein) that may be produced or otherwise disclosed during the course of discovery and pre-trial proceedings in the above-captioned litigation (the "Litigation");

1. **Applicability of Agreement:** This Agreement shall not govern any trial proceedings in this Litigation, but will otherwise govern the handling or production of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from, or produced on behalf of, a party to the Litigation (this information hereinafter referred to as "Discovery Material"). As

used herein, "Producing Party" shall refer to the parties to this action that give testimony or produce documents or other information and "Receiving Party" shall refer to the parties to this action that received such information. The Parties shall further consult prior to any trial of this matter and seek a separate court order regarding the use of any "Confidential Material" at trial.

2. **Designation of Confidential Material:** Any Producing Party may designate Discovery Material that is in its possession, custody or control to be produced to a Receiving Party as "Confidential" under the terms of this Agreement if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material. Confidential documents shall be so designated by digitally or manually stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party. Any Confidential Material disclosed by any Producing Party to any Receiving Party under this Agreement shall not be a violation of any statutory or other legal obligation requiring the Producing Party to maintain the confidentiality of the Confidential Material.

3. **Inadvertent Disclosure:** The inadvertent failure to designate Discovery Material as Confidential does not constitute a waiver of such a claim. Upon discovery of an inadvertent disclosure, the Producing Party shall provide written notice of said disclosure and such Discovery Material will be subject to the protections of this Agreement. If a post-production designation is made, it will be effective from that date forward, and any disclosure of the document before such designation is not a breach of this Agreement.

Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of any document after the date that this Order is signed that would be protected from disclosure

pursuant to the attorney-client privilege, work product protection, or any other relevant privilege, shall not constitute waiver of the applicable privilege or protection in this or any other Federal or State proceeding. If any such document is inadvertently produced, the recipient of the document agrees that, upon written request from the producing party, it will return the original and all copies of the document in its possession to the producing party within three (3) days of receipt of the written request, delete any versions of the documents on any database it maintains and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege or protection. The power of a party to seek such an order does not limit, modify, or otherwise stay the duty to return the subject documents or information as set forth in this paragraph, even if an application to the Court is planned or pending.

4.  **Copies and Notes:** The Receiving Party may make copies of Discovery Material, but such copies shall become Confidential Material to the same extent, and subject to the same protections, as the Discovery Material from which those copies were made. Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material shall be accorded the same status of confidentiality as the underlying Confidential Material.

5.  **Persons Authorized to Receive Confidential Material:** Discovery Material designated "Confidential" or its contents may be disclosed only to the following persons: (1) counsel or administrative staff who are assigned to work on matters related to the Litigation; (2) the parties to this Litigation and to their duly authorized representatives and Boards; (3) any person or persons the Undersigned may consult in connection with the Litigation including any

expert who may offer an opinion in connection with the Litigation; (4) any insurer and any reinsurer of State of Vermont or Centurion of Vermont LLC (including its parent and affiliated companies); (5) Court reporters, deposition stenographers and videographers; (6) a witness at any deposition or other proceeding in this action, provided the Confidential material is not retained by the witness at the conclusion of the deposition or other proceeding; (7) the Court and its staff members; and (8) any persons or entities retained by any counsel to provide copying, reproduction or e- data services or consultation. Before providing access to Confidential Material to any person permitted by this Agreement to review said Confidential Material, the Undersigned shall inform such person or persons of the contents of this Agreement and the confidential nature of the material, and shall advise such person or persons that, by accepting possession of or access to such information, such person or persons are agreeing to be bound by this Agreement.

6. **Use of Discovery Material:** Confidential Material shall be used solely for purposes of prosecution, defense or settlement of the Litigation and to evaluate any claims resulting from the Litigation with clients, insurers and indemnity providers. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions as "CONFIDENTIAL" according to paragraph two of this Order.

7. **No Application to Public or Otherwise Available Information:** Except as provided in paragraph 3, this Agreement shall not limit or restrict a Receiving Party's use of information that the Receiving Party lawfully received prior to such information being

designated as Confidential Material in this Litigation that was independently developed by personnel who did not have access to the Producing Party's Confidential Material, or that has been lawfully published to the general public.

8. **Filing Confidential Material with the Court:** If Confidential Material, including any portion of a deposition transcript designated as Confidential Material, is included in any papers to be filed in court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use.

9. **Rights Reserved to Seek Further Court Order:** This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. **Non-Admission/Waiver:** This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. This Order does not resolve or determine whether any produced document or information is admissible under the Rules of Evidence. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality

of any such document or information or altering any existing obligation of any party or the absence thereof.

11.     **Protective Order Remains in Force:** This Order shall survive the final termination of the action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

12.     **Redaction Allowed:** Any Producing Party may redact from the documents and things it produces any information that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, or contains Protected Health Information.

13.     **Privilege Log:** Any Producing Party that withholds documents pursuant to a claim of privilege shall also produce a corresponding privilege log to all Receiving Parties pursuant to the Rules of Civil Procedure.

14.     **Other discovery stipulations:** Documents subject to this Order shall be provided in their original format or in an alternative appropriate image file format (.pdf or .tiff). Records may be transmitted via secure portal or disc in bates stamped order whether provided in separated files or as one file.

SO ORDERED.

October 19, 2020                                         /s/ William K. Sessions III
Date                                                             Hon. William K. Sessions III
                                                                    District Court Judge

District of Vermont