# *West v. Smith*

United States District Court for the District of Vermont

Case No. 02:19-cv-00081-WKS

# Declaration of Kevin Costello

# June 11, 2021

# Exhibit 3

**DO YOU HAVE HEPATITIS C?**

# **YOU MAY NOW BE ELIGIBLE FOR HEPATITIS C MEDICATION.**

**Please visit www.hepcvtdoc.com or call [●] for more information.**

*The United States District Court for the District of Vermont authorized this notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

**If you have Hepatitis C and are currently incarcerated by the Vermont Department of Corrections, you may now be eligible for treatment.**

Hepatitis C is a viral infection that affects people in many ways. The virus can cause damage to your liver and other medical problems, including making you tired all the time, making it more likely that you will suffer from diabetes and other issues.

Several years ago, the federal government approved a new class of medications called Direct Acting Antivirals ("DAA") to treat hepatitis C. These medications can help most people infected with the hepatitis C virus, no matter how long they have had hepatitis C or how much damage it has already done. In previous years, the Vermont Department of Corrections considered how much liver damage you had when approving you for DAA treatment. The amount of damage to your liver is measured on a scale known as "fibrosis score."

As of January 1, 2021, the amount of liver damage will not be considered in deciding whether people in Vermont Department of Corrections prisons can get DAA treatment. The new policy from Vermont DOC's medical contractor, VitalCore, provides DAA treatment for sentenced inmates who will remain in prison for more than 4 to 6 months and ensures DOC will not withhold treatment based on the amount of damage to your liver, disciplinary record, or substance use. In addition, the VitalCore policy makes sure that DOC and VitalCore:

- Offer opt-out testing for Hepatitis C at admission to DOC.
- Provide DAA treatment to all sentenced inmates with chronic Hepatitis C in DOC prisons as soon as possible if the treatment can be completed during confinement, determined to be 4-6 months.
    - o If you are already sick from Hepatitis C, you may be able to get treatment now, even if you are likely to be released before the next 4 to 6 months.
- Work to connect you to a doctor in the community if you are released before you receive DAA treatment.
- Nothing in this policy or settlement limits your ability to file an individual medical appeal or grievance in the normal Vermont Department of Corrections process.

**A COPY OF THE VITALCORE POLICY IS ENCLOSED WITH THIS NOTICE. If you have the hepatitis C virus and are in custody of Vermont DOC, you should take steps to find out if DAA treatment is right for you. If you were denied DAA treatment in the past, you should ask if DAA treatment is right for you.  The first step to do this is by putting in a medical slip through DOC asking for treatment of your hepatitis C.**

This policy will be in place at least until January 1, 2023, unless the standard of care evolves, because of a recent litigation settlement. In 2019, two people in Vermont DOC custody (the Class Representatives) brought a class action lawsuit on behalf of themselves and others in the same situation. **If you have been diagnosed with the hepatitis C virus and are in Vermont DOC custody, but have not received DAA treatment, you may be a member of the Class.**

| YOUR LEGAL RIGHTS IN THIS LAWSUIT ||
|---|---|
| YOU MAY COMMENT ON THE PROPOSED SETTLEMENT AGREEMENT. | You have the right to comment on, object to, or support the proposed Settlement Agreement. The Court will decide whether to approve or reject the proposed Settlement Agreement after a Final Hearing on [ ● ] at [ ● ]. |
| YOU MAY DO NOTHING. | **If you do nothing, then you will stay in the class. If you and the doctor decide treatment with DAAs is right for you, you will not be turned down by Vermont DOC because of your fibrosis score.** |

# FREQUENTLY ASKED QUESTIONS

1. **Why did I get this notice?**

   Because you may be someone: (a) whose medical records indicate that you are infected with the hepatitis C virus; (b) who is in the custody of Vermont Department of Corrections; (c) who may be eligible for treatment with DAAs; and (d) who has not yet received DAA treatment. If you meet these four factors, you may be a member of the class.

2. **What is this lawsuit about?**

   Two people in Vermont DOC custody brought a lawsuit against DOC and its medical contractor in 2019. The lawsuit alleged that DOC was denying important medical care for the treatment of hepatitis C in violation of the U.S. Constitution.

   In 2020, the judge decided that the case could go forward as a class action. Before the judge could decide the claims in this lawsuit, the parties reached an agreement that, starting on January 1, 2021, DOC and its medical providers would follow their new policy for giving treatment of hepatitis C until at least January 1, 2023.

3. **What is a class action and who is involved?**

   In a class action lawsuit, one or more people ("the Class Representatives") sue on behalf of other people who have similar claims. The people together are called a "Class" or "Class Members." All of the Class Members together are called the "Plaintiffs." One court then resolves the issues for everyone in the Class.

   At the time this lawsuit was filed, Richard West and Joseph Bruyette were people with hepatitis C who were in Vermont DOC facilities. They are the Class Representatives in this case. The defendants are Michael Smith, Vermont Secretary of Human Services; James Baker, Vermont Department of Corrections Interim Commissioner; and the private company that DOC hires to perform its medical services, VitalCore Health Strategies, LLC.

4.     **What does the proposed Settlement Agreement say?**

The bullet points below tell you the main points of the proposed Settlement Agreement. The judge will hold a hearing on the Agreement. The judge has to approve the Agreement before it can take effect.

- No Fibrosis Score Requirement for Treatment with DAAs. DOC agrees that until at least January 1, 2023, it will follow the VitalCore policy for DAA treatment that does not include restrictions for access to DAA treatments based on how sick you are. However, if medical or safety standards around fibrosis score change, DOC reserves the right to make changes to this policy.

- Other parts of the VitalCore policy are also in effect. The policy also:
    - Offers opt-out testing for Hepatitis C at admission to DOC.
    - Provides that all sentenced inmates with chronic HCV in DOC custody will be treated as soon as possible if the treatment can be completed during confinement, determined to be 4-6 months.
        - If you are already sick from Hepatitis C, you may be able to get treatment now, even if you are likely to be released before the next 4 to 6 months.
    - Work to connect you to a doctor in the community if you are released before you receive DAA treatment.

- Public Documents Regarding DAA Treatment

    The Agreement states that Vermont DOC will provide the attorneys in this matter with certain public documents having to do with DAA treatment of hepatitis C virus until January 1, 2023.

- Attorney's Costs

    The Agreement states that DOC will pay up to $3,000 in costs to the attorneys representing the class. The judge will need to approve of this amount.

5. **How do I respond to the proposed Settlement Agreement?**

You may comment on, object to, or support the proposed Settlement Agreement.

The judge will hold a final hearing on the proposed Settlement Agreement on [ ● ] at [ ● ]
You do not have to attend the hearing, but you can if you want to. You can send comments to the judge instead of coming to the hearing. Comments must be in writing. You must send them to the judge before the hearing. You may attend the hearing, and you may bring a legal representative if you wish at your own expense. You must send the judge a letter before the hearing if you want the judge to allow you to speak at the hearing. Any letters must be sent to:

United States District Court for the District of Vermont
Case No. 02:19-cv-00081-WKS
U.S. District Clerk's Office
P.O. Box 945
Burlington, VT 05402-0945

If you choose to send written comments or come to the hearing, the judge must get your letter no later than [ ● ]. You also have to send a copy of your letter to all of the attorneys involved in this case. Mail copies of your letter to:

| Attorneys for Plaintiffs | | | Attorney for Defendants |
|---|---|---|---|
| James M. Diaz<br>Lia Ernst<br>ACLU Foundation<br>of Vermont<br>PO Box 277<br>Montpelier, VT 05601 | Kevin Costello<br>Center for Health Law<br>& Policy Innovation<br>Harvard Law School<br>1585 Massachusetts Ave.<br>Cambridge, MA 02138 | James Valente<br>Costello, Valente &<br>Gentry, P.C.<br>51 Putney Road<br>Brattleboro, VT 05301 | Pamela L.P. Eaton, Esq.<br>Stephen J. Soule, Esq.<br>Paul Frank Collins PC<br>1 Church Street<br>P.O. Box 1307<br>Burlington, VT 05402-130<br><br>Jared C. Bianchi<br>Assistant Attorney General<br>280 State Drive, HC2N<br>Waterbury, VT 05671-2080 |

6. **How can I get more information?**

For more information, go to **www.hepcvtdoc.com**