UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| RICHARD WEST and JOSEPH BRUYETTE, individually and on behalf of a class of similarly situated persons;<br>　　　Plaintiffs,<br><br>　　　　v.<br><br>JENNY SAMUELSON, in her official capacity only, as Vermont Secretary of Human Services; TODD DALOZ, Vermont Deputy Secretary of Human Services; NICHOLAS DEML, Vermont Department of Corrections Commissioner; MAX TITUS, Vermont Department of Corrections Health Services Director, in their official capacities; and VITALCORE HEALTH STRATEGIES, LLC,<br>　　　Defendants. | Case No. 2:19-cv-00081-WKS |

**DEFENDANT VITALCORE HEALTH STRATEGIES' UNOPPOSED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant VitalCore Health Strategies, LLC ("VitalCore") requests that this Court dismiss the claims against VitalCore with prejudice due to lack of subject matter jurisdiction. VitalCore is no longer the contract healthcare provider for the Vermont Department of Corrections ("VDOC") and, as a result, the claims against it are moot.

VitalCore has conferred with counsel for Plaintiffs and all other defendants, and none of the other parties in this suit opposes VitalCore's motion to dismiss.

**BACKGROUND**

On May 21, 2019, Plaintiffs Richard West and Joseph Bruyette filed this suit against VitalCore and various Vermont state officials seeking a determination that those parties were deliberately indifferent to the serious medical needs of inmates who have chronic Hepatitis C

1

("HCV"). *See generally* ECF No. 1 (Complaint). Plaintiffs seek declaratory and injunctive relief pursuant to the Eighth and Fourteenth Amendments, 42 U.S.C. § 1983, and the Americans with Disabilities Act. *Id.* at 44; *see also* ECF No. 56 (Order) ("The Complaint seeks declaratory and injunctive relief so that class members can begin receiving appropriate care.").

When the suit was filed in May 2019, Centurion of Vermont, LLC ("Centurion") was the contract healthcare provider for the Vermont Department of Corrections ("VDOC"). As the contract healthcare provider, Centurion provided medical services to prisoners and detainees in VDOC's custody. Centurion's contract with VDOC expired on June 30, 2020, and VDOC elected to contract with a different healthcare provider. Effective July 1, 2020, VitalCore Health Strategies ("VitalCore") replaced Centurion as the contract provider of healthcare services for VDOC. VitalCore was substituted as a party on October 19, 2020. (ECF 92) Subsequently, VitalCore's contract with VDOC expired on June 30, 2023, and VDOC elected to contract with a different healthcare provider. Effective July 1, 2023, Wellpath LLC replaced VitalCore as the contract provider of healthcare services for VDOC.

As of today, VitalCore is no longer the contract healthcare provider and no longer able to provide care or treatment to prisoners and detainees in VDOC's custody. VitalCore is therefore unable to implement any injunctive or declaratory relief that might be ordered by this Court. Plaintiffs' claims against VitalCore are now moot, and VitalCore should be dismissed from this suit without prejudice.

**ARGUMENT**

A motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) "may be raised by a party, or by a court on its own initiative, at any stage of the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any

time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An action is no longer a "case" or "controversy" under Article III, and subsequently becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotations omitted).  "A case is moot if our decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Delaware Riverkeeper Network v. New York State Dep't of Envtl. Conservation*, 788 F. App'x 65, 66 (2d Cir. 2019) (citing *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 12 (D.C. Cir. 2019)).

Under Article III, if a case becomes moot at any point during the pendency of an action, a federal court lacks subject matter jurisdiction and dismissal is appropriate. *Deeper Life Christian Fellowship, Inc. v. Sobol*, 948 F.2d 79, 81 (2d Cir. 1991); *see also Browning Debenture Holders' Comm. v. DASA Corp.*, 524 F.2d 811, 817 (2d Cir. 1975) (explaining that when "the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed").

The Second Circuit has recognized that, once an inmate is released or transferred from a facility, his claims for declaratory and injunctive relief against officials at that facility become moot. *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996).  After the transfer occurs, the officials at the transferring facility are no longer able to afford the inmate any injunctive or declaratory relief.  *See id.*; *accord Hutt v. Hofman*, 2009 WL 2601927, at **8-9 (D. Vt. Aug. 18, 2009) (dismissing declaratory relief claims without prejudice after inmate was transferred to another facility).  The same legal principle applies here.

As of July 1, 2023, VitalCore is no longer contractually responsible for the provision of medical services to inmates at VDOC facilities, including the named plaintiffs and class members. Due to the expiration of its contract, VitalCore has no power to implement any declaratory or injunctive relief that the Court may order. In these circumstances, where a contract healthcare provider is replaced during the pendency of a prospective-relief lawsuit, the claims against the previous provider should be dismissed as moot. *See Scott v. Clarke*, 2013 WL 5532685 (W.D. Va. Oct. 4, 2013) (dismissing prisoner's declaratory and injunctive relief claims against former healthcare contractor as moot after contract with corrections agency expired).

Plaintiffs' claims against VitalCore are now moot, dismissal of VitalCore without prejudice is appropriate.

## CONCLUSION

For the foregoing reasons VitalCore of Vermont, LLC requests this Court to grant its motion and dismiss VitalCore as a party to this suit.

DATED: September 1, 2023.

                Respectfully Submitted,

                VITALCORE OF VERMONT, LLC

By:   */s/ Pamela L.P. Eaton*
      Pamela L.P. Eaton, Esq.
      PAUL FRANK + COLLINS P.C.
      PO Box 1307
      Burlington, VT 05402-1307
      (802) 658-2311
      PEaton@pfclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing via the Court's e-filing (CM/ECF) system, which will deliver a copy by electronic mail to all counsel of record.

Dated:  September 1, 2023.

By:   */s/ Pamela L.P. Eaton*
Pamela L.P. Eaton, Esq.
PAUL FRANK + COLLINS P.C.
PO Box 1307
Burlington, VT 05402-1307
(802) 658-2311
PEaton@pfclaw.com

8939167_1:14037-00403